## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Aaron Olson,

       Plaintiff,

v.

Christopher Kopel, Austin Peterson, Siv
Yurichuk, Karl Schreck, Todd McMurray, Ron
Rollins, Steven Pavoni, Chisago County,
Washington County, City of Fridley, and City
of Stillwater,

       Defendants.

**Case No. 14-cv-3975 (DWF/SER)**

**SECOND AMENDED[1] ORDER AND
REPORT AND RECOMMENDATION**

---

Aaron Olson, Pro se, Chisago City, Minnesota.

Joseph E. Flynn, Esq., Jardine Logan & O'Brien PLLP, Lake Elmo, Minnesota, for
Defendants Christopher Kopel, Austin Peterson, Ron Rollins, and City of Stillwater.

Nigel H. Mendez, Esq., Carlson & Associates, Ltd., Vadnais Heights, Minnesota, for
Defendants Siv Yurichuk, Karl Schreck, Todd McMurray, Steven Pavoni, Chisago County, and
Washington County.

Ryan M. Zipf, Esq., League of Minnesota Cities, St. Paul, Minnesota, for Defendant City
of Fridley.

---

STEVEN E. RAU, United States Magistrate Judge

The above-captioned case comes before the undersigned on Defendants' Motions to

Dismiss [Doc. Nos. 20, 24, 32], which were referred to the undersigned pursuant to 28 U.S.C.

§ 636(b)(1)(A), (B), and (C), and District of Minnesota Local Rule 72.1. (Order of Reference)

[Doc. No. 19]. For the reasons stated below, the Court recommends granting the motions to

dismiss.

---

[1]  This Order and Report and Recommendation is amended to correct the clerical error
raised in the Stillwater Defendants' letter Dated December 22, 2015 [Doc. No. 65].

This case is also before the Court on Defendants Christopher Kopel, Austin Peterson, Ron Rollins, and the City of Stillwater's (the "Stillwater Defendants") Motion, which seeks sanctions against Plaintiff Aaron Olson ("Olson") under Federal Rule of Civil Procedure 11 ("Motion for Sanctions") [Doc. No. 40] and Olson's Motion to Amend Complaint to Third Amended Complaint ("Motion to Amend") [Doc. No. 52], which were referred for the resolution of pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A) and District of Minnesota Local Rule 72.1. For the reasons stated below, the Court denies the Motion for Sanctions and the Motion to Amend.

## I.     BACKGROUND

### A.     Factual Background

Olson makes claims under 42 U.S.C. § 1983 for violations of his First, Second, Fourth, Fifth, and Fourteenth Amendment rights, claims for violations of the Americans with Disabilities Act ("ADA"), and claims of negligence, false imprisonment, defamation of character, invasion of privacy, malicious prosecution, abuse of process, and intentional infliction of emotional distress. (Second Am. Compl.) [Doc. No. 11 at 1]. The Second Amended Complaint is organized by factual allegations against five groups of Defendants. *See generally* (*id.*).

### 1.     Chisago County and Karl Schreck

Karl Schreck ("Schreck") is a Chisago County "police welfare fraud investigator" and investigated Olson's lack of a home address in connection with Olson's receipt of Social Security disability benefits. (*Id.* at 1–2). As a result of this investigation, Olson alleges that Schreck intruded on the curtilage of Olson's mother's home without a warrant or consent. (*Id.* at 3). Based on these actions, Olson alleges a violation of his Fourth Amendment rights pursuant to 42 U.S.C. § 1983, and claims of negligence, invasion of privacy, and intentional infliction of

emotional distress because "it is . . . likely that Plaintiff was a resident [at his mother's residence] during at least one point in the multiple illegal searches that were conducted." (*Id.* at 4). Olson does not allege a date on which this alleged violation occurred.

Olson alleges he was discriminated against based on his disability and his "homelessness status" in violation of his due process rights under the Fifth and Fourteenth Amendments as well as the ADA. (*Id.* at 2). As a result, he alleges he was the target of a criminal investigation without reasonable suspicion, was deprived of his right to live peaceably in Washington and Chisago counties, and was deprived of disability services. (*Id.* at 2–3).

Olson also alleges he was the subject of a criminal investigation without reasonable suspicion based on his "homelessness status," which was also discriminatory. (*Id.* at 2–3). Olson alleges that Schreck "illegally disclose[d] information in his public police reports" that Olson "reasonably expected to be private." (*Id.* at 4). Further, Olson alleges that Chisago County admitted it conducted three "baseless and discriminatory fraud investigations" against Olson. (*Id.* at 4–5).

Olson alleges Chisago County labeled him "armed and dangerous," which is a "red flag" status based on Olson's family's request that Schreck not enter their property. (*Id.* at 5–6). Olson alleges that this constitutes defamation and a violation of his due process rights and seeks an order enjoining police from maintaining a "red flag" status against him. (*Id.* at 6). He also seeks damages for "this constitutional tort, Negligence, Invasion of Privacy, and for Defamation of Character." (*Id.*).

### 2.    Chisago County, Washington County, Ron Rollins, Steven Pavoni, and Todd McMurry

Olson alleges he "lodged a criminal complaint" with North Branch Police Department employee Ron Rollins ("Rollins") because Chisago County Human Services Department

workers, under the supervision of Todd McMurry ("McMurry"), made false statements to the "Social Security Department" in violation of Minnesota Statute section 609.43.[2] (*Id.* at 8).

At Olson's request, Chisago County transferred the case to Washington County. (*Id.* at 8–9). "Lieutenant Washington County Attorney" Steven Pavoni ("Pavoni") informed Olson that the information received from Chisago County did not include Olson's allegations of false reporting, but instead included allegations that Olson made terrorist threats to McMurry. (*Id.* at 9). Pavoni explained that Washington County found the allegations against Olson "baseless," and said there was nothing he could do about Olson's complaint in Chisago County. (*Id.*). Olson argues that because Pavoni refused to take action on Olson's complaint in Chisago County, Pavoni and Washington County violated Olson's due process rights under the Fifth and Fourteenth Amendments and contends that their actions constitute negligence. (*Id.*).

Olson alleges that he did not threaten McMurry and instead, McMurry "acted alone and as a part of a[n] organized attempt to frustrate and harass" him and to deprive him of his rights under the ADA and to deprive him of his "rights to social services." (*Id.* at 10, 13). In addition,

---

[2]      Minnesota Statute section 609.43 states:

A public officer or employee who does any of the following, for which no other sentence is specifically provided by law, may be sentenced to imprisonment for not more than one year or to payment of a fine of not more than $3,000, or both:

(1) intentionally fails or refuses to perform a known mandatory, nondiscretionary, ministerial duty of the office or employment within the time or in the manner required by law; or

(2) in the capacity of such officer or employee, does an act knowing it is in excess of lawful authority or knowing it is forbidden by law to be done in that capacity; or

(3) under pretense or color of official authority intentionally and unlawfully injures another in the other's person, property, or rights; or

(4) in the capacity of such officer or employee, makes a return, certificate, official report, or other like document having knowledge it is false in any material respect.

Olson alleges a due process violation, negligence, and defamation against McMurry and Chisago County. (*Id.* at 10–11).

Further, Olson alleges a claim for violation of due process and negligence against Chisago and Washington counties and Rollins for their refusal to investigate Olson's claims. (*Id.* at 11). With respect to Rollins, Olson alleges that he violated Minnesota Statute section 609.43 because he did not perform the duties of his office. (*Id.* at 12). This action, Olson alleges, violates Olson's "liberty interest" under "Due Process of Minnesota law." (*Id.* at 12).

### 3.    City of Fridley

When Olson's ex-wife, Bisharo Jama ("Jama"), reported a broken window to police in June 2011, Olson alleges that Fridley police suggested Olson as a suspect based on his "problems" in Chisago County and that the damage was caused by a bullet. (*Id.* at 13). Based on this, Olson alleges the Fridley police violated his due process rights under the Fifth and Fourteenth Amendments. (*Id.*). Olson further alleges that these actions "represent[] interference with [his] Second Amendment rights." (*Id.* at 13–14).

In June 2012, Jama called Fridley police to report that Olson had not returned their daughter, apparently in violation of a custody agreement. *See* (*id.* at 13). Fridley police suggested to Jama that Olson had caused "trouble" in Chisago County and that they would notify the police in Stillwater, where Olson was living, of "the situation" before directing Jama to go to Stillwater. (*Id.* at 13).

Olson also alleges his due process rights under the Fifth and Fourteenth Amendments, as well as his Fourth Amendment rights, were violated because Fridley police did not fairly investigate Olson for crimes, the police made false reports about Olson in witness statements, and the police retaliated against him for exercising his First Amendment rights. (*Id.* at 14).

### 4.     City of Stillwater, Christopher Kopel, and Austin Peterson

Pursuant to Jama's report that Olson had their daughter, Stillwater police officers Christopher Kopel ("Officer Kopel") and Austin Peterson ("Officer Peterson") entered Olson's apartment with guns pointed at Olson and his daughter, even though Jama did not suggest Olson "posed a danger to their daughter." (*Id.* at 14–15). Officers Kopel and Peterson claimed they were conducting a welfare check. (*Id.* at 14). Olson alleges their reasons for entering his apartment were fabricated because Officer Kopel's and Officer Peterson's reports erroneously stated that Olson did not explain "why he had taken custody of his daughter." (*Id.* at 15). Olson alleges Officer Kopel's report stated that he was a "gun enthusiast," which interfered with his Second Amendment rights. (*Id.* at 17–18).

Olson was arrested for deprivation of parental rights, and he alleges Officers Kopel and Peterson "intentionally suppressed exculpatory evidence" related to the arrest. *See* (*id.* at 15–16). Olson alleges these actions violated his Fourth Amendment rights as well as his due process rights under the Fifth and Fourteenth Amendments because these actions "interfered with the Criminal Court's ability to make an accurate assessment of probable cause." (*Id.* at 16).

Olson alleges the officers' entry into his apartment absent exigent circumstances violated his Fourth Amendment rights, his right "to be let alone," his due process rights under the Fifth and Fourteenth Amendments, and constitute negligence, invasion of privacy, false imprisonment, defamation of character, and intentional infliction of emotional distress. (*Id.*). Specifically, Olson alleges a due process violation because he did not have the time or resources to dispute probable cause and exigent circumstances in the criminal case. (*Id.* at 17).

Olson requested that police investigate physical abuse of his daughter, but the Stillwater police returned Olson's daughter to her mother's home, where Olson alleges the abuse occurred.

(*Id.* at 18). Olson alleges that this constitutes a violation of his due process rights under the Fifth and Fourteenth Amendments, as well as negligence and intentional infliction of emotional distress with respect to both Olson and his daughter. (*Id.*).

### 5. Washington County and Siv Yurichuk

Siv Yurichuk ("Yurichuk") is a Washington County prosecutor. (*Id.* at 18). Olson alleges that he spent three weeks in jail for a psychological evaluation because Yurichuk did not know Olson had a restraining order against the person responsible for his daughter's abuse. (*Id.*). Olson alleges Yurichuk knew that Olson objected to the testing "on religious and other constitutional grounds" and had moved the court to exempt him from the testing. (*Id.* at 19). Olson accuses Yurichuk of selective prosecution because she withheld exculpatory evidence and had no reason to force Olson to submit to a psychological evaluation. (*Id.* at 22). Olson argues Yurichuk and Washington County's selective prosecution violated his due process rights. (*Id.*).

Olson alleges he had a statutory defense to the deprivation of parenting rights charge, but that he was prevented from introducing the evidence himself while he was represented by a public defender. (*Id.* at 20). Therefore, Olson alleges, Yurichuk was required to introduce this exculpatory evidence. (*Id.*). Olson also contends that Yurichuk is not shielded from prosecutorial immunity because she was acting in an administrative capacity. (*Id.* at 20–21).

Based on these facts, Olson alleges Yurichuk is responsible for the following claims: violation of Olson's "First Amendment religious rights," Fourth Amendment rights, Fifth Amendment rights against self-incrimination, and due process rights under the Fifth and Fourteenth Amendments. (*Id.* at 19). Olson seeks damages under § 1983. (*Id.*). Olson further seeks damages from both Yurichuk and Washington County "under the theories of" negligence, false imprisonment, invasion of privacy, abuse of process, and malicious prosecution. (*Id.*).

Olson alleges the malicious prosecution claim arises because his criminal case was resolved when Washington County decided not pursue it "without probable cause being established at a fully contested hearing." (*Id.* at 19); *see also* (*id.* at 17) ("Washington County abandon[ed] the case.").

Olson also alleges Yurichuk discriminated against him in violation of the ADA by "trying to collect a psychological profile" and "harass him out of Washington County due to his status as a disabled person" pursuant to § 1983. (*Id.* at 22).

### 6.    Other Claims

Finally Olson alleges Washington County, Chisago County, and the cities of Fridley and Stillwater are accountable for acting "with deliberate indifference" as municipalities for unconstitutional and illegally discriminatory treatment under 42 U.S.C. § 1983. (*Id.* at 22). Olson's Second Amended Complaint includes a "Statement of Legal Issues" that asserts the same violations described above in general terms and in question form. *See* (*id.* at 23–25).

### B.    Procedural Background

Olson initiated a previous lawsuit on February 3, 2014, against most of the same Defendants and based on the same factual circumstances as the instant case. Compl., *Olson v. Kopel*, 13cv306 (DWF/JJG) ("*Kopel I*") [Doc. No. 1] ("*Kopel I* Compl.").[3] Olson filed an application to proceed *in forma pauperis* ("IFP"), and the Honorable Jeanne J. Graham, United States Magistrate Judge, recommended that the IFP application be denied and the case summarily dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[4] R&R, *Kopel I* [Doc. No. 6 at 4] ("*Kopel I* R&R"). Olson objected to the Report and

---

[3]     The City of Stillwater is a defendant in this case, but was not a defendant in *Kopel I*.
[4]     When a plaintiff files a case and seeks IFP status, a court may dismiss a case at any time if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Recommendation and moved to amend his complaint. Obj. to R&R Dated Mar. 11, 2014 & Mot. to Amend Compl., *Kopel I* [Doc. Nos. 7, 8] ("*Kopel I* Obj. & Mot.").[5] The Honorable Donovan W. Frank, United States District Judge, adopted Magistrate Judge Graham's Report and Recommendation, thereby adopting Magistrate Judge Graham's decision that Olson had failed to state a claim. Order Adopting R&R, *Kopel I* [Doc. No. 21] ("*Kopel I* Order Adopting R&R"). Judge Frank denied Olson's motion to amend as moot, finding that, like the initial complaint, the amended complaint would likewise not survive a motion to dismiss. (*Id.* at 3). Olson appealed, and the Eighth Circuit summarily affirmed Judge Frank's order on September 24, 2014. Eighth Circuit J., *Kopel I* [Doc. No. 29].[6]

The next day, Olson initiated the instant lawsuit against the same defendants as those named in *Kopel I*, and added the City of Stillwater as a defendant.[7] (Compl.) [Doc. No. 1]. The factual circumstances of this case are the same as those identified in *Kopel I*. *Compare Kopel I* Compl. *with* (Compl.). In fact, it appears that Olson submitted his appellate brief from *Kopel I* as his initial complaint in this case. (Order Dated Oct. 22, 2014) [Doc. No. 3 at 2]. Olson again applied for IFP status. (Appl. to Proceed in District Ct. without Prepaying Fees or Costs) [Doc. No. 2]. The Court permitted Olson to amend his complaint because his initial complaint did not comply with the Federal Rules of Civil Procedure. (Order Dated Oct. 22, 2014). When the amended complaint once again failed to comply with the Rules, Olson was permitted to amend his complaint a second time. (Order Dated Dec. 8, 2014) [Doc. No. 9]. Olson filed his Second

---

[5]     Document numbers 7 and 8 are the same document.
[6]     The Eight Circuit subsequently denied Olson's petitions for rehearing and for rehearing en banc in *Kopel I*. Eighth Circuit Order, *Kopel I* [Doc. No. 30].
[7]     Olson added the City of Stillwater as a defendant in his proposed amended complaint in *Kopel I*. Proposed Am. Compl., *Kopel I* [Doc. No. 8-2] ("*Kopel I* Proposed Am. Compl.").

Amended Complaint and the Court then granted Olson IFP status. (Order on Appl. to Proceed without Prepayment of Fees) [Doc. No. 13].

### C.  Pending Motions

All Defendants moved to dismiss, but in three separate motions.[8] *See* [Doc. Nos. 20, 24, 32]. The Stillwater Defendants moved the Court for sanctions under Rule 11, and Olson moved to amend his complaint. (Mot. for Sanctions); (Mot. to Amend). The Court heard oral argument on these motions on June 16, 2015, and took the motions under advisement. (Minute Entry Dated June 16, 2015) [Doc. No. 61].[9]

## II.  MOTIONS TO DISMISS

All Defendants move for dismissal pursuant to Rule 12(b)(6). (Stillwater Defs.' Mem. of Law in Supp. of Their Mot. to Dismiss Pl.'s Second Am. Compl., "Stillwater Defs.' Mem. in Supp.") [Doc. No. 22 at 4]; (Fridley's Mem. of Law in Supp. of its Mot. to Dismiss) [Doc. No. 26 at 4]; (County Defs.' Mem. of Law in Supp. of Mot. to Dismiss, "County Defs.' Mem. in Supp.") [Doc. No. 33 at 2]. Both the Stillwater Defendants and the County Defendants argue that dismissal is appropriate, *inter alia*, on res judicata grounds. (Stillwater Defs.' Mem. in Supp. at 7–10); (County Defs.' Mem. in Supp. at 5–6).

### 1.  Legal Standard

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move the Court to dismiss a claim if, on the pleadings, a party has failed to state a claim upon which relief may

---

[8]  The motions to dismiss were filed on behalf of the following groups of Defendants: the Stillwater Defendants (Kopel, Peterson, Rollins, and the City of Stillwater ("Stillwater")) [Doc. No. 20]; the City of Fridley ("Fridley") [Doc. No. 24]; and the "County Defendants" (Yurichuk, Schreck, McMurray, Pavoni, Chisago County, and Washington County) [Doc. No. 32].

[9]  The Court also heard several other motions filed by Olson. (Minute Entry Dated June 16, 2015). Because one motion was orally withdrawn and the Court ruled on the other motions from the bench, they are not addressed in this Order and Report and Recommendation. *See* (*id.*); (Text Only Order Dated June 16, 2015) [Doc. No. 62].

be granted. The complaint must contain "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A court accepts the facts alleged in the complaint as true, and grants "reasonable inferences in favor of the nonmoving party." *Lind v. Midland Funding, L.L.C.*, 688 F.3d 402, 405 (8th Cir. 2012). Legal conclusions "must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. The factual allegations, however, "must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "'The need at the pleading stage for allegations plausibly suggesting (not merely consistent with) [liability] reflects the threshold requirement of Rule 8(a)(2) that the plain statement possess enough heft to sho[w] that the pleader is entitled to relief.'" *Loeffler v. City of Anoka*, No. 13-cv-2060 (MJD/TNL), 2014 WL 4449674, at *9 (D. Minn. June 24, 2014) (Leung, Mag. J.) (alteration in original) (quoting *Twombly*, 550 U.S. at 557), *adopted by* 2014 WL 4449692 (Sept. 9, 2014).

An affirmative defense, such as res judicata, may be grounds for granting a motion to dismiss if the affirmative defense is apparent on the face of the complaint, including public records and materials embraced by the complaint. *C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 763–64 (8th Cir. 2012).

### 2.      Analysis

### 1.      Failure to State a Claim

The Court finds the Second Amended Complaint fails to state a claim upon which relief can be granted. Olson's attempt to provide supporting case law does not alter the fundamental conclusion that the facts that Olson alleges, even if true and even when the Court construes all

reasonable inferences in his favor, do not raise his right to relief above a speculative level. Instead, Olson's Second Amended Complaint consists of conclusory assertions of constitutional and ADA violations and state law claims. *See Twombly*, 550 U.S. at 557.

A couple of examples are illustrative of the types of deficiencies that exist throughout the Second Amended Complaint. First, to the extent Olson alleges claims against municipalities— the cities of Fridley and Stillwater and Chisago and Washington counties—Olson has not alleged that any action taken, even if it deprived him of a constitutional right, was done pursuant to a custom or policy of those entities, or that those entities failed to adequately train their employees. *See generally* (Second Am. Compl.); *see Snider v. City of Cape Girardeau*, 752 F.3d 1149, 1160 (8th Cir. 2014) (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Monell v. N.Y. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). The absence of any such allegation is fatal.

Second, Olson alleges constitutional due process violations as a panacea for the actions taken against him. *See, e.g.*, (Second Am. Compl. at 2, 6, 9, 10–11, 12, 13, 14, 16, 19, 22). "'To establish a substantive due process violation, [a plaintiff] must demonstrate that a fundamental right was violated and that the conduct shocks the conscience.'" *Nelson v. Greiner*, Civil No. 13-279 (DWF/LIB), 2014 WL 5704004, at *10 (D. Minn. Nov. 5, 2014) (Frank, J., adopting the Report and Recommendation of Brisbois, Mag. J.) (alteration in original) (quoting *Akins v. Epperly*, 588 F.3d 1178, 1183 (8th Cir. 2009)). Olson alleges no plausible violations of fundamental rights, and none of the actions in the Second Amended Complaint rise to the level of "conduct [that] shocks the conscience." *See id.* Again, the failure to articulate conduct that violates a specific fundamental right and that is conscience shocking is fatal.

Arguably, Olson's allegation that Officers Kopel and Peterson entered his home under the fabricated exigent circumstances of a welfare check of his daughter, of whom he took

custody from his ex-wife, comes closest to stating a claim for violating his Fourth Amendment rights. *See* (Second Am. Compl. 13–15). But this claim, as well as the other claims in Olson's Second Amended Complaint, were considered by Judge Frank previously when they were raised in Olson's complaint in *Kopel I*. *See Kopel I* Order Adopting R&R; *compare Kopel I* Compl. ¶¶ 12–15 *with* (Second Am. Compl. at 13–15). Because Judge Frank already ruled on the facts and claims raised in Olson's Second Amended Complaint when Olson raised them in *Kopel I*, Olson's Second Amended Complaint—both generally and specifically with respect to this claim—fails to state a claim for which relief can be granted under res judicata principles.[10]

### 2.    Res Judicata

Res judicata bars parties from relitigating issues that were or could have been raised in a previous action. *Yankton Sioux Tribe v. U.S. Dep't of Health & Human Servs.*, 533 F.3d 634, 639 (8th Cir. 2008). For res judicata to apply, the following conditions must be met: "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action." *Id.* (internal quotation marks omitted).

As a threshold matter, Olson identifies *Kopel I* in his Second Amended Complaint. (Second Am. Compl. at 6) ("The District Court in the case, Olson v. Kopel, 0:14-cv-00306-DWF-JJG, has acknowledged on Page 2 of its Report and Recommendation that all the subsequent police activities detailed in the complaint for that case were 'loosely connected' to the same event also outlined here in Section #7."). Therefore, the potentially preclusive effect of

---

[10]    Because res judicata applies, it is not necessary for the Court to exhaustively review each one of Olson's claims. Instead, the Court provides the two preceding examples as illustrative of the general pleadings deficiencies in the Second Amended Complaint.

*Kopel I* is apparent on the face of the Second Amended Complaint and may be considered at this stage. *See C.H. Robinson Worldwide*, 695 F.3d at 763–64.

### a.      Adjudication on the Merits

The parties dispute whether Judge Frank's dismissal in *Kopel I* constituted judgment on the merits. *See* (Stillwater Defs.' Mem. in Supp. at 8); (Olson's Opp'n to Stillwater Defs.' Mot. to Dismiss & Mot. for the Appointment of Counsel, "Olson's Opp'n—Stillwater Defs.") [Doc. No. 37 at 2–3];[11] *see also* (County Defs.' Mem. in Supp. at 5–6); (County Defs.' Reply Mem. of Law in Supp. of Mot. to Dismiss) [Doc. No. 54 at 2].

In *Kopel I*, neither Magistrate Judge Graham's Report and Recommendation nor Judge Frank's Order specify whether the dismissal in that case was with or without prejudice. *Kopel I* R&R; *Kopel I* Order Adopting R&R. But under the Federal Rules of Civil Procedure, an involuntary dismissal is typically an adjudication on the merits unless a court order states otherwise or the dismissal is based on lack of jurisdiction, improper venue, or failure to join a party under Rule 19. Fed. R. Civ. P. 41(b). Here, Judge Frank dismissed *Kopel I* for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *Kopel I* Order Adopting R&R. In other words, jurisdiction, venue, and joinder were not the grounds for dismissal. *See* Fed. R. Civ. P. 41(b). Thus, the dismissal in *Kopel I* constitutes a judgment on the merits.

Contrary to Olson's assertion, dismissal under § 1915 is not always without prejudice. (Olson's Mem. in Opp'n—Stillwater Defs. at 2). Olson relies on *Denton v. Hernandez*, 504 U.S. 25 (1992). (*Id.*). In *Denton*, the Supreme Court concluded that dismissal pursuant to 28 U.S.C. § 1915(d) "is not a dismissal on the merits, but rather an exercise of the court's discretion under

---

[11]      The undersigned denied Olson's Motion for the Appointment of Counsel from the bench during the June 16, 2015 hearing. (Minute Entry Dated June 16, 2015); (Text Only Order Dated June 16, 2015).

the *in forma pauperis* statute." At the time of the Supreme Court's decision, § 1915(d) permitted

a court to dismiss a complaint if the action was "frivolous or malicious." 28 U.S.C. § 1915(d)

(1992).[12] In *Denton*, the Court relied on a prior decision where it noted that "a complaint filed *in*

*forma pauperis* which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) may

nonetheless have 'an arguable basis in law' precluding dismissal under § 1915(d)." 504 U.S. at

31–32 (quoting *Neitzke v. Williams*, 490 U.S. 319, 328–29 (1989)). It went on to note that unlike

Rule 12(b)(6), § 1915(d) "'accords judges not only the authority to dismiss a claim based on an

indisputably meritless legal theory, but also the unusual power to pierce the veil of the

complaint's factual allegations and dismiss those claims whose factual contentions are clearly

baseless.'" *Id.* at 32 (quoting *Neitzke*, 490 U.S. at 327). Thus, to the extent *Denton* expressed an

opinion on dismissals under § 1915, that opinion is limited to the dismissal of a complaint as

frivolous or malicious and therefore is not applicable here.[13] *See id.* Further, in this District,

dismissal under § 1915 for failure to state a claim, as in *Kopel I*, is considered a judgment on the

merits. *Sabbia v. Marshall Fields*, Civil No. 06-3083 (DWF/AJB), 2007 WL 671314, at *4 (D.

Minn. Mar. 1, 2007) (Frank, J., adopting the report and recommendation of Boylan, Mag. J.)

---

[12]     Section 1915 was amended in 1996 to permit a court to dismiss a complaint if it is "frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." *Hake v. Clarke*, 91 F.3d 1129, 1132 n.3 (8th Cir. 1996); *see* 28 U.S.C. § 1915(e)(2)(B).

[13]     Notably, the Court stated that dismissal for frivolity "could . . . have a res judicata effect on frivolousness determinations for future *in forma pauperis* petitions." *Denton*, 504 U.S. at 34; *see Pointer v. Parents for Fair Share*, 87 F. App'x 12, 2004 WL 230741, at *1 (8th Cir. 2004) (unpublished) (affirming the district court's finding that res judicata applied to a *pro se* plaintiff's second discrimination case when both the previous and current cases were dismissed prior to service pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous). In other words, the Court found that there were circumstances where a complaint dismissed under the *in forma pauperis* statute could be with prejudice. *See Denton*, 504 U.S. at 34. But because *Kopel I* was not dismissed as frivolous or malicious, the Court need not address this further.

(citing, *inter alia*, Fed. R. Civ. P. 41(b); *Cieszkowska v. Grayline N.Y.*, No. 01 Civ. 0128, 2001 WL 1131990, at *4 (S.D.N.Y. Sept. 24, 2001)).

Finally, considering the dismissal in *Kopel I* as an adjudication on the merits is consistent with the procedural history in that case. After Magistrate Judge Graham recommended dismissal, Olson objected and moved to amend his complaint. *Kopel I* Obj. & Mot. Judge Frank ordered the defendants to respond to the objection and motion. Order Dated Mar. 26, 2014, *Kopel I* [Doc. No. 9] ("*Kopel I* Mar. 2014 Order"). Judge Frank then considered whether, even if Olson's Proposed Amended Complaint was the operative pleading, Olson stated a claim upon which relief could be granted. *Kopel I* Order Adopting R&R. In other words, Judge Frank treated the case as if Magistrate Judge Graham recommended dismissal without prejudice and Olson amended his complaint in an attempt to cure the deficiencies. Dismissal without prejudice is usually ordered to give the plaintiff an opportunity to cure deficiencies, which, in essence, Olson was given. *See Schlief v. Nu-Source, Inc.*, No. 10-4477 (DWF/SER), 2011 WL 1560672, at *4 n.2 (D. Minn. Apr. 25, 2011) (Frank, J.) ("The Court grants Nu–Source thirty (30) days leave to amend those counterclaims that are dismissed without prejudice in this Memorandum Opinion and Order."). Judge Frank found Olson's Proposed Amended Complaint likewise failed to state a claim upon which relief could be granted. *Id.*

For the foregoing reasons, the Court finds the dismissal of the complaint in *Kopel I* constituted an adjudication on the merits.

### b.     Parties

The City of Stillwater is the only defendant who was not named as a defendant in *Kopel I. Compare* (Second Am. Compl.) *with Kopel I* Compl. In Olson's Proposed Amended Complaint in *Kopel I*, however, Olson added the City of Stillwater as a defendant. *Kopel I*

16

Proposed Am. Compl. Because Judge Frank also considered the Proposed Amended Complaint as if it was the operative pleading in *Kopel I*, the parties in that case and the instant case are the same. *See Kopel I* Order Adopting R&R at 2.

Even if they are not the same parties, res judicata applies when lawsuits involve the same parties or those in privity with them. *Yankton Sioux Tribe*, 533 F.3d at 640. If a nonparty was "'adequately represented by someone with the same interests who [wa]s a party,'" res judicata applies. *Id.* (alteration in original) (quoting *Richards v. Jefferson County*, 517 U.S. 793, 798 (1996)). In *Kopel I*, Judge Frank asked defendants to respond to Olson's objection and motion to amend the complaint. *Kopel I* Mar. 2014 Order. Counsel for Kopel, Peterson, and Rollins filed a response, and responded on behalf of the City of Stillwater as a proposed defendant. *See* Defs.' Kopel, Peterson, & Rollins' Opp'n to Pl.'s Mot. for Leave to File an Am. Compl., *Kopel I* [Doc. No. 15]. Thus, the City of Stillwater was adequately represented in *Kopel I*, and all parties are the same between that case and the instant case for res judicata purposes.

### c.      Same Claims or Causes of Action

Res judicata applies when "both suits are based upon the same claims or causes of action." *Yankton Sioux Tribe*, 533 F.3d at 641 (internal quotation marks omitted). If a claim "arises out of the same nucleus of operative facts as the prior claim," it is barred by res judicata. *Id.* (internal quotation marks omitted).

Here, the claims in the Second Amended Complaint are the same claims Judge Frank reviewed when considering Olson's complaint and Proposed Amended Complaint in *Kopel I*. *Compare Kopel I* Compl. *and Kopel I* Proposed Am. Compl. *with* (Second Am. Compl.); *see also Kopel I* Order Adopting R&R. Further, even though Olson has added to the Proposed Amended Complaint from *Kopel I*, the "nucleus of operative facts" is the same. *See Yankton*

17

*Sioux Tribe*, 533 F.3d at 641. Olson complains of constitutional, ADA, and state law tort violations related to Chisago County and Kopel's investigation into a disability fraud issue; the handling of his complaint about his disability by Chisago County, Washington County, Rollins, Pavoni, and McMurry; the City of Fridley's handling of an issue with his ex-wife, and the Stillwater Defendants' handling of a custody dispute between Olson and his ex-wife. *See Sabbia*, 2007 WL 671314, at *3 ("To the extent that workers compensation and breach of contract claims were not explicitly alleged in the prior complaint, those claims nonetheless arise out of the same nucleus of common facts and could have been expressly cited as intended causes of action in the previous matter."). Therefore, for the purposes of res judicata, the complaint in *Kopel I*, the Proposed Amended Complaint in *Kopel I*, and the Second Amended Complaint in this case arise out of the "same nucleus of operative facts." *See Yankton Sioux Tribe*, 533 F.3d at 641.

### d.    Jurisdiction

Because Olson raised constitutional violations and violations of the ADA, the Court had federal question jurisdiction in *Kopel I*. [14] *See* 28 U.S.C. § 1331. Further, the Court had jurisdiction over Olson's state law claims pursuant to supplemental jurisdiction. [15] § 1367. Therefore, for the purposes of res judicata, *Kopel I* "was based on proper jurisdiction." *See Yankton Sioux Tribe*, 533 F.3d at 639.

---

[14]    The parties do not dispute that the Court in *Kopel I* had proper jurisdiction.

[15]    Magistrate Judge Graham stated that "[e]ven if Plaintiff could show grounds for bringing a state law tort claim, no such claim would be entertained here, because Plaintiff has not presented an actionable federal claim that would allow for supplemental jurisdiction over a state law claim under 28 U.S.C. § 1367." *Kopel I* R&R at 3 n.2; *see also Mountain Home Flight Serv., Inc. v. Baxter County*, 758 F.3d 1038, 1045 (8th Cir. 2014) (finding district court was within its discretion to decline to exercise supplemental jurisdiction over remaining state law claims after dismissing federal claims).

e. **Conclusion**

The Court concludes res judicata applies to the claims made in the Second Amended Complaint against all parties, and therefore, the Second Amended Complaint fails to state a claim on which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). For this reason, the Court need not address Defendants' remaining arguments.

Olson is understandably troubled by his various interactions with the Defendants in this case. But these interactions do not rise to the level of constitutional or ADA violations or state law claims, and the claims he now asserts have been dismissed prior to this case.

The Court recommends that the Motions to Dismiss be granted.

## III.   MOTION TO AMEND

Olson moves the Court to amend his complaint to add six parties and four claims and to specify that "all government agents in this action are being sued in their individual and official capacities."[16] *See* (Proposed Third Am. Compl.) [Doc. No. 52-1].

A court has discretion to grant leave to amend a complaint, and must freely do so "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Becker v. Univ. of Neb. at Omaha*, 191 F.3d 904, 907–08 (8th Cir. 1999). In interpreting Rule 15, the United States Supreme Court stated:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see Becker*, 191 F.3d at 907–08.

---

[16]   Olson did not submit a memorandum in support of this motion.

Olson's Proposed Third Amended Complaint fails to state a claim upon which relief can be granted. But more importantly, the Court denies Olson's Motion to Amend because Olson has repeatedly failed "to cure deficiencies by amendments previously allowed." *See Foman*, 371 U.S. at 182. Prior to the instant Motion to Amend, the Court has considered five complaints based on the same set of facts. In *Kopel I*, Olson filed a complaint that Magistrate Judge Graham found failed to state a claim for which relief could be granted. *Kopel I* R&R. Judge Frank considered Olson's Proposed Amended Complaint in reviewing Magistrate Judge Graham's Report and Recommendation and found, like the initial complaint, the Proposed Amended Complaint failed to state a claim. *Kopel I* Order Adopting R&R. In the instant case, Olson filed two complaints that failed to comply with the Federal Rules of Civil Procedure, and the Court now finds the Second Amended Complaint fails to state a claim. *See* (Order Dated Oct. 22, 2014); (Order Dated Dec. 8, 2014). Olson has established a repeated failure to cure the deficiencies identified by this Court. *See McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988) (finding that "district court did not abuse its discretion in denying appellants leave to amend their complaint" when appellants had filed three complaints within one year and stating that "[a]ppellants had ample opportunity to add new claims to their complaint."). Olson's Motion to Amend is denied.

## IV.    MOTION FOR SANCTIONS

The Stillwater Defendants move the Court to sanction Olson by awarding reasonable attorneys' fees and costs and prohibiting Olson from filing additional claims against the Stillwater Defendants. (Mot. for Sanctions).

Rule 11 sanctions "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4); *see also Kirk Capital*

*Corp. v. Bailey*, 16 F.3d 1485, 1490 (8th Cir. 1994) ("[T]he primary purpose of Rule 11 sanctions is to deter attorney and litigant misconduct, not to compensate the opposing party for all of its costs in defending."). The Court has broad discretion to determine what punishment will deter the undesirable conduct. *Pope v. Fed. Express Corp.*, 49 F.3d 1327, 1328 (8th Cir. 1995).

Olson sought IFP status both in this case and in *Kopel I. See Kopel I* R&R; (Appl. to Proceed in District Ct. without Prepaying Fees or Costs). Thus, even if the Court finds Olson's conduct sanctionable, the Stillwater Defendants are unlikely to recover any monetary sanctions. Therefore, to the extent the Stillwater Defendants seek monetary sanctions, the Motion for Sanctions is denied.

Further, between the hearing on this motion and the instant Order and Report and Recommendation, Judge Frank, adopting the recommendation of the Honorable Janie S. Mayeron, United States Magistrate Judge, restricted Olson "from filing new cases in this District Court unless he is represented by counsel or receives prior written authorization from a judicial officer in this District Court." Order Adopting R&R, *Olson v. Ramsey County*, 15cv3131 (DWF/JSM) [Doc. No. 12 at 6]. In other words, the most severe relief the Stillwater Defendants seek—prohibition of filing additional claims—is already in place.[17] Therefore, to the extent the Stillwater Defendants seek to restrict Olson's ability to file claims against them, the Court denies the Motion for Sanctions as moot.

_____

[17]    In fact, the filing restriction Judge Frank imposed is stricter than the relief sought by the Stillwater Defendants. The restriction applies to **all** of Olson's future filings. *See* Order Adopting R&R, *Olson v. Ramsey County*, 15cv3131 (DWF/JSM) [Doc. No. 12 at 6].

**V.      CONCLUSION**

Based upon all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendants' Motions to Dismiss [Doc. Nos. 20, 24, 32] be **GRANTED**.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.      Defendants Christopher Kopel, Austin Peterson, Ron Rollins, and the City of Stillwater's Motion for sanctions [Doc. No. 40] be **DENIED**; and

2.      Plaintiff Aaron Olson's Motion to Amend Complaint to Third Amended Complaint [Doc. No. 52] be **DENIED**.

Dated: December 23, 2015

                                        *s/Steven E. Rau*
                                        STEVEN E. RAU
                                        United States Magistrate Judge

**Notice**

**Filing Objections**: This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of Appeals.

Under D. Minn. LR 72.2(b)(1) "a party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date**: This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after objections are filed; or (2) from the date a timely response is filed.