# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Aaron Olson,                                                  Civil No. 14-3975 (DWF/SER)

    Plaintiff,

v.                                                           **MEMORANDUM**
                                                             **OPINION AND ORDER**

Christopher Kopel, Austin Peterson,
Siv Yurichuk, Karl Schreck, Todd
McMurray, Ron Rollins, Steven
Pavoni, Chisago County, Washington
County, City of Fridley, and City of
Stillwater,

    Defendants.


The above matter comes before the Court upon the Second Amended Order and

Report and Recommendation of United States Magistrate Judge Steven E. Rau dated

December 23, 2015.  (Doc. No. 66.)  Magistrate Judge Rau recommended that the Court

grant the Motions to Dismiss filed by Defendants (Doc. Nos. 20, 24, 32).  In addition,

Magistrate Judge Rau denied the Motion for Sanctions filed by Defendants Christopher

Kopel, Austin Peterson, Ron Rollins, and the City of Stillwater (Doc. No. 40) and denied

Plaintiff Olson's Motion to Amend Complaint to Third Amended Complaint (Doc.

No. 52).

On December 28, 2015, Olson filed a Motion to Stay, or in the Alternative,

Motion for Time Extension (Doc. No. 67), asking the Court to "stay final judgment or

any ruling on the Report and Recommendation . . . until Plaintiff has had an opportunity

to bring that motion for relief in the first week of January."  On January 8, 2016, Olson

filed a Motion for Reasonable Accommodation/Modification Pursuant to the Americans with Disabilities Act & Rehabilitation Act, & Motion to Seal Document (Doc. Nos. 71, 71-1).  Although Olson filed this motion after the January 6, 2016 deadline for objections to the Magistrate Judge's recommendations and rulings, the Court, in its discretion and in light of Olson's pro se status, will consider the motion.  *See* Fed. R. Civ. P. 72; LR 72.2. Accordingly, Olson's December 28, 2015 Motion to Stay is now moot.  On January 20, 2016, Olson filed a Motion to Seal a letter to the Court and two exhibits (Doc. No. 75).

## I.      Report and Recommendation

The factual background for this case is clearly and precisely set forth in Magistrate Judge Rau's Report and Recommendation and is incorporated by reference.  No party filed any objection to Magistrate Judge Rau's recommendation to grant Defendants' Motions to Dismiss.  Based upon the Report and Recommendation and upon all of the files, records, and proceedings herein, the Court will adopt the Report and Recommendation in all respects.

## II.     Motion for Reasonable Accommodation

In his Motion for Reasonable Accommodation/Modification Pursuant to the Americans with Disabilities Act & Rehabilitation Act, & Motion to Seal Document (Doc. No. 71), Olson asks the Court to permit him to amend his complaint.  The Court interprets Olson's motion as an objection to the Magistrate Judge's order denying Olson's Motion to Amend Complaint to Third Amended Complaint, pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a).  When reviewing a magistrate

judge's order on a non-dispositive, pre-trial motion, a district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A); LR 72.2(a)(3).

Magistrate Judge Rau denied Olson's motion to amend his complaint under Federal Rule of Civil Procedure 15(a)(2). Under that Rule, the Court has discretion to grant a plaintiff leave to amend a complaint and "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *Friedman v. Farmer*, 788 F.3d 862, 869 (8th Cir. 2015). However, a court should not grant leave to amend when the proposed amendment would be futile, or when the plaintiff has repeatedly failed to cure deficiencies in his claims. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Sorace v. United States*, 788 F.3d 758, 768 (8th Cir. 2015).

Here, Magistrate Judge Rau denied Olson's motion to amend for two reasons. First, the Magistrate Judge found that amendment would be futile, because Olson's Proposed Third Amended Complaint fails to state a claim upon which relief can be granted. Second, the Magistrate Judge found that Olson has failed to cure deficiencies in his claims, despite numerous opportunities to do so in two separate lawsuits. The Magistrate Judge clearly explained the basis for denying Olson's motion, and his decision is neither clearly erroneous nor contrary to law. As such, the Court will affirm the Magistrate Judge's ruling.

Moreover, the Court rejects Olson's argument that Olson should be permitted to amend his complaint under the Americans with Disabilities Act ("ADA"). Although the

3

Court is sympathetic to the medical obstacles that Olson may face, the ADA does not provide a basis for permitting Olson to amend his complaint in this lawsuit.

## III.   Motions to Seal

Finally, in his Motions to Seal (Doc. Nos. 71, 71-1, 75), Olson asks the Court to seal four documents:  (1) the Motion for Reasonable Accommodation (Doc. No. 71-1); (2) a letter to the Court (Doc. No. 75-1); (3) an exhibit containing email correspondence (Doc. No. 75-2); and (4) an exhibit containing Olson's medical records and copies of publically-available medical articles (Doc. No. 75-3).  Under Federal Rule of Civil Procedure 26, the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by sealing documents to prevent disclosure of certain sensitive information to the general public. Fed. R. Civ. P. 26(c)(1); *Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000). Here, the Court grants Olson's second Motion to Seal (Doc. No. 75) as to Olson's medical records only.  The remaining documents either do not relate to Olson's medical condition or reveal only general information about Olson's health.  As such, there is no good cause to seal these documents.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.     Magistrate Judge Steven E. Rau's December 23, 2015 Second Amended Order and Report and Recommendation (Doc. No. [66]) is **ADOPTED**.

2.      Defendants' Motions to Dismiss (Doc. Nos. [20], [24], [32]) are **GRANTED**, and Plaintiff's Second Amended Complaint (Doc No. [11]) is **DISMISSED WITH PREJUDICE**.

3.      Plaintiff's Motion to Stay, or in the Alternative, Motion for Time Extension (Doc. No. [67]) is **DENIED AS MOOT**.

4.      Plaintiff's Motion for Reasonable Accommodation/Modification Pursuant to the Americans with Disabilities Act & Rehabilitation Act, & Motion to Seal Document (Doc. Nos. [71], [71-1]) is **DENIED**.  Magistrate Judge Steven E. Rau's denial of Plaintiff's Motion to Amend Complaint to Third Amended Complaint (Doc. No. [52]) is affirmed in all respects.  Plaintiff's request to seal the motion is denied.

5.      Plaintiff's Motion to Seal (Doc. No. [75]) is **GRANTED IN PART AND DENIED IN PART**.  The Court grants Olson's motion as to Olson's medical records, contained in Doc. No. [75-3], only.  The Court denies Olson's motion in all other respects.

6.      The Clerk of Court shall unseal all documents temporarily under seal, except for Olson's medical records contained in Doc. No. [75-3].

7.      Plaintiff's Motion to Amend (Doc. No. [77]) is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:  February 5, 2016          s/Donovan W. Frank
                                  DONOVAN W. FRANK
                                  United States District Judge

5